UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GILBERTO JUAREZ,

        Petitioner,

    v.

PRISON'S CEO, *et al.*,

        Respondent.

No. C-12-2855 EMC (pr)

**ORDER OF DISMISSAL**

    Gilberto Juarez, a prisoner incarcerated at the Correctional Training Facility in Soledad, California, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 1995 conviction from the Santa Clara County Superior Court. The petition is not his first federal habeas petition concerning his 1995 conviction. His earlier habeas petition in *Juarez v. Director of Corrections*, No. C 05-0019 RMW, was dismissed as barred by the habeas statute of limitations on July 11, 2008. The United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") denied a certificate of appealability on December 22, 2010 when Juarez attempted to appeal.

    A second or successive petition may not be filed in this Court unless the Petitioner first obtains from the Ninth Circuit an order authorizing this court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). This rule applies when the previous petition was dismissed as barred by the statute of limitations which constitutes a disposition on the merits. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005).

    Juarez has not obtained an order from the Ninth Circuit permitting the filing of a second or successive petition. This Court will not entertain a new petition from Juarez until he first obtains permission from the Ninth Circuit to file such a petition. This action is **DISMISSED** without

1  prejudice to Juarez filing a petition in this Court after he obtains the necessary order from the Ninth
2  Circuit.
3     If Juarez wants to attempt to obtain the necessary order from the Ninth Circuit, he should
4  very clearly mark the first page of his document as a "MOTION FOR ORDER AUTHORIZING
5  DISTRICT COURT TO CONSIDER SECOND OR SUCCESSIVE PETITION PURSUANT TO 28
6  U.S.C. § 2244(b)(3)" rather than labeling it as a habeas petition because the Ninth Circuit Clerk's
7  office is apt to simply forward to this Court any document labeled as a habeas petition.  He also
8  should mail the motion to the Ninth Circuit (at 95 Seventh Street, San Francisco, CA  94103), rather
9  than to this Court.  In his motion to the Ninth Circuit, he should explain how he meets the
10 requirements of 28 U.S.C. § 2244(b).
11    The Clerk shall close the file.

13    IT IS SO ORDERED.

15 Dated: June 18, 2012

                                    _____
                                    EDWARD M. CHEN
                                    United States District Judge

2